1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

SOUTHERN DIVISION – SANTA ANA

11
12

| | |
|---|---|
| 13 WINDPARTNERS FINANCE, LLC, | CASE NO.  SACV12-436 AG (RNBx) |
| 14    Plaintiff, | The Honorable Andrew Guilford |
| 15    v. | ~~[PROPOSED]~~ **PROTECTIVE ORDER** |
| 16 DEWIND, CO., | |
| 17    Defendant. | |

18

19       Having reviewed the Stipulation for Protective Ordered agreed to by Plaintiff

20  WindPartners Finance, LLC ("WindPartners"), and Defendant DeWind, Co.

21  ("DeWind"), through their respective counsel, and good cause appearing therefor,

22  the Court hereby adopts and enters the Protective Order, and it is hereby ORDERED

23  as follows:

24
25
26
27
28

THEODORA ORINGHER
COUNSELORS AT LAW

1.   PURPOSES AND LIMITATIONS

     1.1    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

     2.0    "ATTORNEYS EYES ONLY" Information or Items:  (1) information that consists of or documents that contain highly sensitive financial, sales, and marketing information and/or strategic business planning;[1] (2) financial institution- and client-identifying information for financing or potential financing sources for projects and clients other than DeWind;[2] (3) material that constitutes a trade secret.

---

[1] Plaintiff contends that "information" or "documents" that "contain highly sensitive financial, sales, and marketing information and/or strategic business planning" should qualify for ATTORNEYS EYES ONLY designation but Defendant disagrees.  The documents that fall into this category will be marked as ATTORNEYS EYES ONLY by Plaintiff and then submitted to the Court for resolution pursuant to Section 6.3 below if the parties cannot resolve their differences on this point.

[2] Plaintiff contends that 'financial institution- and client-identifying information for financing or potential financing sources for projects and clients other than DeWind' should qualify for ATTORNEYS EYES ONLY designation but Defendant disagrees.  The documents that fall into this category will be marked as

(…continued)

1    2.1    Challenging Party: a Party or Non-Party that challenges the

2    designation of information or items under this Order.

3    2.2    "CONFIDENTIAL" Information or Items: information

4    (regardless of how it is generated, stored or maintained) or tangible things that

5    qualify for protection under Federal Rule of Civil Procedure 26(c).

6    2.3    Counsel (without qualifier): Outside Counsel of Record (as well

7    as their support staff).

8    2.4    Designating Party: a Party or Non-Party that designates

9    information or items that it produces in disclosures or in responses to discovery as

10   "CONFIDENTIAL."

11   2.5    Disclosure or Discovery Material: all items or information,

12   regardless of the medium or manner in which it is generated, stored, or maintained

13   (including, among other things, testimony, transcripts, and tangible things), that are

14   produced or generated in disclosures or responses to discovery in this matter.

15   2.6    Expert: a person with specialized knowledge or experience in a

16   matter pertinent to the litigation who has been retained by a Party or its counsel to

17   serve as an expert witness or as a consultant in this action.

18   2.7    House Counsel: attorneys who are employees of a party to this

19   action. House Counsel does not include Outside Counsel of Record or any other

20   outside counsel.

21   2.8    Non-Party: any natural person, partnership, corporation,

22   association, or other legal entity not named as a Party to this action.

23   2.9    Outside Counsel of Record: attorneys who are not employees of

24   a party to this action but are retained to represent or advise a party to this action and

25

26   (…continued)
     ATTORNEYS EYES ONLY by Plaintiff and then submitted to the Court for

27   resolution pursuant to Section 6.3 below if the parties cannot resolve their
     differences on this point.

28

1    have appeared in this action on behalf of that party or are affiliated with a law firm

2    which has appeared on behalf of that party.

3          2.10   Party: any party to this action, including all of its officers,

4    directors, employees, consultants, retained experts, House Counsel (and their

5    support staffs), and Outside Counsel of Record (and their support staffs).

6          2.11   Producing Party: a Party or Non-Party that produces Disclosure

7    or Discovery Material in this action.

8          2.12   Professional Vendors: persons or entities that provide litigation

9    support services (e.g., photocopying, videotaping, translating, preparing exhibits or

10   demonstrations, and organizing, storing, or retrieving data in any form or medium)

11   and their employees and subcontractors.

12         2.13   Protected Material: any Disclosure or Discovery Material that is

13   designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

14         2.14   Receiving Party: a Party that receives Disclosure or Discovery

15   Material from a Producing Party.

16      3.     SCOPE

17         3.1     The protections conferred by this Stipulated Protective Order

18   cover not only Protected Material (as defined above), but also (1) any information

19   copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

20   compilations of Protected Material; and (3) any testimony, conversations, or

21   presentations by Parties or their Counsel that might reveal Protected Material.

22   However, the protections conferred by this Stipulated Protective Order do not cover

23   the following information: (a) any information that is in the public domain at the

24   time of disclosure to a Receiving Party or becomes part of the public domain after

25   its disclosure to a Receiving Party as a result of publication not involving a violation

26   of this Order, including becoming part of the public record through trial or

27   otherwise; and (b) any information known to the Receiving Party prior to the

28   disclosure or obtained by the Receiving Party after the disclosure from a source who

1  obtained the information lawfully and under no obligation of confidentiality to the

2  Designating Party. Any use of Protected Material at trial shall be governed by a

3  separate agreement or order.

4        4.     DURATION

5        4.1     Even after final disposition of this litigation, the confidentiality

6  obligations imposed by this Order shall remain in effect until a Designating Party

7  agrees otherwise in writing or a court order otherwise directs. Final disposition shall

8  be deemed to be the later of (1) dismissal of all claims and defenses in this action,

9  with or without prejudice; and (2) final judgment herein after the completion and

10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

11  including the time limits for filing any motions or applications for extension of time

12  pursuant to applicable law.

13        5.     DESIGNATING PROTECTED MATERIAL

14        5.1     Exercise of Restraint and Care in Designating Material for

15  Protection.  Each Party or Non-Party that designates information or items for

16  protection under this Order must take care to limit any such designation to specific

17  material that qualifies under the appropriate standards. The Designating Party must

18  designate for protection only those parts of material, documents, items, or oral or

19  written communications that qualify - so that other portions of the material,

20  documents, items, or communications for which protection is not warranted are not

21  swept unjustifiably within the ambit of this Order.

22        Mass, indiscriminate, or haphazard designations are prohibited.

23  Designations that are shown to be clearly unjustified or that have been made for an

24  improper purpose (e.g., to unnecessarily encumber or retard the case development

25  process or to impose unnecessary expenses and burdens on other parties) expose the

26  Designating Party to sanctions.

27        If it comes to a Designating Party's attention that information or items

28  that it designated for protection do not qualify for protection, that Designating Party

1  must promptly notify all other Parties that it is withdrawing the mistaken

2  designation.

3          5.2    Manner and Timing of Designations. Except as otherwise

4  provided in this Order, or as otherwise stipulated or ordered, Disclosure or

5  Discovery Material that qualifies for protection under this Order must be clearly so

6  designated before the material is disclosed or produced.

7          Designation in conformity with this Order requires:

8          (a) for information in documentary form (e.g., paper or electronic

9  documents, but excluding transcripts of depositions or other pretrial or trial

10  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

11  "ATTORNEYS EYES ONLY" to each page that contains protected material. If only

12  a portion or portions of the material on a page qualifies for protection, the Producing

13  Party also must clearly identify the protected portions) (e.g., by making appropriate

14  markings in the margins).  If, after a reasonable time after production of documents

15  by the Producing Party, the Receiving Party determines that the documents or

16  materials produced, or portions thereof, contain protected material, the Receiving

17  Party must promptly notify the Producing Party of its designation of those

18  documents or materials as CONFIDENTIAL or ATTORNEYS EYES ONLY.

19          A Party or Non-Party that makes original documents or materials

20  available for inspection need not designate them for protection until after the

21  inspecting Party has indicated which material it would like copied and produced.

22  During the inspection and before the designation, all of the material made available

23  for inspection shall be deemed "CONFIDENTIAL" or "ATTORNEYS EYES

24  ONLY."  After the inspecting Party has identified the documents it wants copied

25  and produced, the Producing Party must determine which documents, or portions

26  thereof, qualify for protection under this Order. Then, before producing the specified

27  documents, the Producing Party must affix the "CONFIDENTIAL" or

28  "ATTORNEYS EYES ONLY" legend to each page that contains Protected

1 Material. If only a portion or portions of the material on a page qualifies for

2 protection, the Producing Party also must clearly identify the protected portions)

3 (e.g., by making appropriate markings in the margins).

4          (b) <u>for testimony given in deposition</u>, that the Designating Party

5 identify either on the record, before the close of the deposition, all protected

6 testimony or notify all parties in writing within 14 days of receipt of the deposition

7 transcript of all portions of testimony to be designated "CONFIDENTIAL" or

8 "ATTORNEYS EYES ONLY".

9          (c) <u>for information produced in some form other than documentary and</u>

10 <u>for any other tangible items</u>, that the Producing Party affix in a prominent place on

11 the exterior of the container or containers in which the information or item is stored

12 the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."  If only a portion

13 or portions of the information or item warrant protection, the Producing Party, to the

14 extent practicable, shall identify the protected portions).

15          5.3    <u>Inadvertent Failures to Designate</u>.    If timely corrected, an

16 inadvertent failure to designate qualified information or items does not, standing

17 alone, waive the Designating Party's right to secure protection under this Order for

18 such material. Upon timely correction of a designation, the Receiving Party must

19 make reasonable efforts to assure that the material is treated in accordance with the

20 provisions of this Order.

21     6.    <u>CHALLENGING  CONFIDENTIALITY  AND  ATTORNEYS  EYES</u>

22         <u>ONLY DESIGNATIONS</u>

23          6.1    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge

24 a designation of confidentiality at any time. Unless a prompt challenge to a

25 Designating Party's confidentiality designation is necessary to avoid foreseeable,

26 substantial unfairness, unnecessary economic burdens, or a significant disruption or

27 delay of the litigation, a Party does not waive its right to challenge a confidentiality

28

1  designation by electing not to mount a challenge promptly after the original

2  designation is disclosed.

3          6.2     Meet and Confer.  The Challenging Party shall initiate the

4  dispute resolution process by providing written notice of each designation it is

5  challenging and describing the basis for each challenge. To avoid ambiguity as to

6  whether a challenge has been made, the written notice must recite that the challenge

7  to confidentiality is being made in accordance with this specific paragraph of the

8  Protective Order. The Challenging Party must explain the basis for its belief that the

9  confidentiality designation was not proper and must give the Designating Party an

10 opportunity to review the designated material, to reconsider the circumstances, and,

11 if no change in designation is offered, to explain the basis for the chosen

12 designation.

13         6.3     Judicial Intervention.      If the Parties cannot resolve a challenge

14 without court intervention, the Designating Party shall file and serve a motion to

15 retain confidentiality or an attorneys eyes only designation within 21 days of the

16 initial notice of challenge or within 14 days of the parties agreeing that the meet and

17 confer process will not resolve their dispute, whichever is earlier. Failure by the

18 Designating Party to make such a motion within 21 days (or 14 days, if applicable)

19 shall automatically waive the confidentiality or attorneys eyes only designation for

20 each challenged designation. In addition, the Challenging Party may file a motion

21 challenging a confidentiality or attorneys eyes only designation at any time if there

22 is good cause for doing so, including a challenge to the designation of a deposition

23 transcript or any portions thereof. Any motion brought pursuant to this provision

24 must comply with Local Rule 37-1, 37-2 and 79-5.

25         The burden of persuasion in any such challenge proceeding shall be on

26 the Designating Party. Frivolous challenges, and those made for an improper

27 purpose (e.g., to harass or impose unnecessary expenses and burdens on other

28 parties) may expose the Challenging Party to sanctions. Unless the Designating

1  Party has waived the confidentiality or attorneys eyes only designation by failing to

2  file a motion to retain confidentiality as described above, all parties shall continue to

3  afford the material in question the level of protection to which it is entitled under the

4  Producing Party's designation until the court rules on the challenge.

5       7.      ACCESS TO AND USE OF PROTECTED MATERIAL

6       7.1      Basic Principles. A Receiving Party may use Protected Material

7  that is disclosed or produced by another Party or by a Non-Party in connection with

8  this case only for prosecuting, defending, or attempting to settle this litigation. Such

9  Protected Material may be disclosed only to the categories of persons and under the

10  conditions described in this Order. When the litigation has been terminated, a

11  Receiving Party must comply with the provisions of section 13 below (FINAL

12  DISPOSITION).

13       Protected Material must be stored and maintained by a Receiving Party

14  at a location and in a secure manner that ensures that access is limited to the persons

15  authorized under this Order.

16       7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless

17  otherwise ordered by the court or permitted in writing by the Designating Party, a

18  Receiving Party may disclose any information or item designated

19  "CONFIDENTIAL" only to:

20       (a) the Receiving Party's Outside Counsel of Record in this action, as

21  well as employees of said Outside Counsel of Record to whom it is reasonably

22  necessary to disclose the information for this litigation and who have signed the

23  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

24  A;

25       (b) the officers, directors, and employees (including House Counsel) of

26  the Receiving Party to whom disclosure is reasonably necessary for this litigation

27  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

28  A);

1   (c) Experts (as defined in this Order) of the Receiving Party to whom

2   disclosure is reasonably necessary for this litigation and who have signed the

3   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4   (d) the court and its personnel (not required to sign Exhibit A);

5   (e) court reporters and their staff, professional jury or trial consultants,

6   mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

7   for this litigation and who have signed the "Acknowledgment and Agreement to Be

8   Bound" (Exhibit A);

9   (f) during their depositions, and with respect to any related briefing,

10   e.g., motion to quash, motion for protective order, witnesses in the action to whom

11   disclosure is  reasonably necessary and who have signed the "Acknowledgment and

12   Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

13   Party or ordered by the court. Pages of transcribed deposition testimony or exhibits

14   to depositions that reveal Protected Material must be separately bound by the court

15   reporter and may not be disclosed to anyone except as permitted under this

16   Stipulated Protective Order (nothing in this subsection shall be construed to give a

17   witness a right to gain access to any information or item designated as

18   "CONFIDENTIAL"); and

19   (g) the author or recipient of a document containing the information or

20   a custodian or other person who otherwise possessed or knew the information.

21   7.3   Disclosure of "ATTORNEYS EYES ONLY" Information or

22   Items. Unless otherwise ordered by the court or permitted in writing by the

23   Designating Party, a Receiving Party may disclose any information or item

24   designated "ATTORNEYS EYES ONLY" only to:

25   a.   the Outside Counsel of Record for the Receiving and Producing
Parties, and their associated support staff;

26

27   b.   any outside photocopying, data processing, or graphic production
services employed by the Parties or their Outside Counsel of Record to assist
in this litigation;

28

c.      any expert witnesses, outside consultants, and technical advisors retained by either party who agree in writing to be bound by the terms of this Protective Order in accordance with the form attached hereto as "EXHIBIT A." The originals of such agreements shall be maintained by Outside Counsel of the Receiving Party until the final resolution of this litigation;

d.      this Court, jurors or alternate jurors, court employees, court reporters transcribing testimony herein, and notarizing officers; and

e.      any person who is identified by a Party as having prepared, received, reviewed or been provided access to such ATTORNEYS EYES ONLY information prior to production in this litigation.

Provided, however, that the portion(s) of such Confidential Materials that have been designated "ATTORNEYS EYES ONLY" may be redacted to permit the disclosure of the remaining portions of the document.

8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing contained in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

1  by the court.   Absent a court order to the contrary, the Non-Party shall bear the

2  burden and expense of seeking protection in this court of its Protected Material.

3        10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4              If a Receiving Party learns that, by inadvertence or otherwise, it has

5  disclosed Protected Material to any person or in any circumstance not authorized

6  under this Stipulated Protective Order, the Receiving Party must immediately (a)

7  notify in writing the Designating Party of the unauthorized disclosures, (b) use its

8  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

9  the person or persons to whom unauthorized disclosures were made of all the terms

10 of this Order, and (d) request such person or persons to execute the

11 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

12 A.

13       11.     INADVERTENT     PRODUCTION     OF     PRIVILEGED     OR

14 OTHERWISE PROTECTED MATERIAL

15             When a Producing Party gives notice to Receiving Parties that certain

16 inadvertently produced material is subject to a claim of privilege or other protection,

17 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

18 Procedure 26(b)(5)(B). The privilege or protection is not waived by such disclosure.

19 This provision is not intended to modify whatever procedure may be established in

20 an e-discovery order that provides for production without prior privilege review.

21       12.     MISCELLANEOUS

22             12.1   Right to Further Relief. Nothing in this Order abridges the right

23 of any person to seek its modification by the court in the future. No modification by

24 the parties shall have the force or effect of a Court order unless the Court approves

25 the modification.

26

27 3 The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

28

DOCS-#3778883-v2                              13                              SACV12-436 AG (RNBx)

1           12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of

2  this Protective Order no Party waives any right it otherwise would have to object to

3  disclosing or producing any information or item on any ground not addressed in this

4  Stipulated Protective Order. Similarly, no Party waives any right to object on any

5  ground to use in evidence of any of the material covered by this Protective Order.

6           12.3    <u>Filing Protected Material</u>. In accordance with Local Rule 79-5.1,

7  if any papers to be filed with the Court contain information and/or documents that

8  have been designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" the

9  proposed filing shall be accompanied by an application to file the papers or the

10  portion thereof containing the designated information or documents (if such portion

11  is segregable) under seal; and the application shall be directed to the judge to whom

12  the papers are directed.  For motions, the parties shall publicly file a redacted

13  version of the motion and supporting papers.

14        13.    <u>FINAL DISPOSITION</u>. Within 60 days after the final disposition of

15  this action, as defined in paragraph 4, each Receiving Party must return all Protected

16  Material to the Producing Party or destroy such material. As used in this

17  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

18  summaries, and any other format reproducing or capturing any of the Protected

19  Material. Whether the Protected Material is returned or destroyed, the Receiving

20  Party must submit a written certification to the Producing Party (and, if not the same

21  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

22  (by category, where appropriate) all the Protected Material that was returned or

23  destroyed and (2) affirms that the Receiving Party has not retained any copies,

24  abstracts, compilations, summaries or any other format reproducing or capturing any

25  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

26  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

27  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

28  reports, attorney work product, and consultant and expert work product, even if such

1  materials contain Protected Material. Any such archival copies that contain or

2  constitute Protected Material remain subject to this Protective Order as set forth in

3  Section 4 (DURATION).

4          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6  PURSUANT TO STIPULATION, IT IS SO ORDERED.

7

8  DATED: October 30, 2012        _____

9                                 Honorable Robert N. Block
                                   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

_____ in the case of *WINDPARTNERS FINANCE, LLC., v. DEWIND, CO.,*

*CASE NO. SACV12-436 AG (RNBx).* I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States

District Court for the Northern District of California for the purpose of enforcing

the terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____
          [signature]

STIPULATED PROTECTIVE ORDER

DOCS-#3778883-v2